*Erdemir v. Allstate Marble & Granite, Kitchens and Baths Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> GUIDO CALABRESI,
> *Circuit Judges*.

_____

GOKHAN ERDEMIR,

> *Plaintiff-Appellee*,

v.                                24-210

ALLSTATE MARBLE & GRANITE, KITCHENS AND BATHS INC., SERHAT SOYKAN, DENIZ SOYKAN,

> *Defendants-Appellants*.

_____

| | |
|---|---|
| For Plaintiff-Appellee: | KEITH E. WILLIAMS, The NHG Law Group, P.C., Massapequa, NY. |
| For Defendants-Appellants: | ALAN H. KRYSTAL, Alan H. Krystal P.C., Nesconset, NY. |

Appeal from a decision and order of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Allstate Marble & Granite, Kitchens and Baths Inc. ("Allstate"), Serhat Soykan ("Serhat"), and Deniz Soykan ("Deniz") (collectively, "defendants") appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*), entered on December 21, 2023, upon a bench trial, in favor of Plaintiff-Appellee Gokhan Erdemir ("plaintiff") on his claims for relief pursuant principally to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and New York Labor Law (NYLL). On appeal, defendants challenge the district court's denial of their request for a continuance of trial.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendants' sole argument is that the district court erred by refusing to continue trial until either Serhat, or another one of defendants' witnesses, was available to testify.

Denial of a continuance is reviewed for abuse of discretion. *Payne v. Jones*, 711 F.3d 85, 90-91 (2d Cir. 2013) ("A party's demand for an adjournment of a civil trial until the party can make a personal appearance is entrusted to the sound discretion of the trial judge."); *United States v. Cusack*, 229 F.3d 344, 349 (2d Cir. 2000) ("A district court has broad discretion to grant or deny a motion for a continuance."). "This Court will affirm orders denying continuances unless there is a showing both of arbitrariness and of prejudice to the defendant." *Farias v. Instructional Sys.,*

---

[1] Defendants incorrectly characterize the district court's decision as a "decision to admit or exclude evidence." Dkt. 27 at 12. The district court made no evidentiary determination that Serhat's testimony, or the testimony of defendants' third-party witnesses, should be excluded under the rules of evidence; rather, the district court declined to grant a continuance, forcing defendants to rest their case without calling any witnesses.

*Inc.*, 259 F.3d 91, 100 (2d Cir. 2001). Under this review, this Court "accord[s] great deference to a district court." *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006). Because the district court's denial of a continuance fell within the range of permissible decisions, we affirm.

Crucially, defendants knew of their impending trial date for months, but failed to prepare. Judge Hall calendared the trial in July 2022, then announced a one-day adjournment well in advance of defendants' request. *See Farias*, 259 F.3d at 100 (denial of continuance to accommodate witness not arbitrary where "trial date had been set for a year, and a one-day slippage was announced by the court ahead of time"). Defendants moved for continuance only two days before trial, the eleventh hour on a trial calendar. *See Lewis v. Rawson*, 564 F.3d 569, 577 (2d Cir. 2009) (expressing skepticism toward appeals of "eleventh-hour request[s]" to continue trial); *see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 147–48 (2d Cir. 1998) ("We are particularly solicitous of a district court's ruling on a motion to adjourn the scheduled start of a trial proceeding."). This last-minute letter motion knowingly misrepresented the circumstances that defendants claimed justified a continuance.[2] *Cf. Payne*, 711 F.3d at 92 (considering lack of "confirmation of any kind from more reliable sources" as to defendant's self-serving need for continuance). Once trial began, the district court repeatedly admonished defense counsel about his clients' unjustified absence, which limited Erdemir's ability to put on his case in chief, then ordered the Soykans to show up on time for the second day of trial—which they failed to do. The district court's denial of a continuance to allow Serhat to testify was not arbitrary because defendants were warned that their dilatory tactics would not be tolerated, and his absence was

---

[2] For example, the letter motion represented that a continuance was needed because Serhat had flown to Turkey with his wife, Deniz. In fact, the couple was no longer married--and Deniz never left the country at all. Defense counsel conceded there was no reason she could not attend trial as scheduled; yet, she was absent.

3

voluntary. *See United States v. Yannai*, 791 F.3d 226, 244 (2d Cir. 2015) (even in a criminal case, no abuse of discretion in denying continuance where defendant's absence was voluntary).

Relatedly, defendants would not have needed a continuance to ensure other defense witnesses' attendance but for defendants' own actions. Had Serhat attended and testified on the second day of trial, the limited availability of these witnesses (whose attendance defendants did not ensure via subpoena) would not have been an issue. *See Farias*, 259 F.3d at 100 ("nothing arbitrary" about refusing continuance to accommodate witness's conference schedule). And defendants did not alert the district court to this concern until after trial had begun. *See United States v. Cusack*, 229 F.3d 344, 349 (2d Cir. 2000) (no abuse of discretion where defendant did not alert district court to need for continuance "until after the start of trial"). On this record, we cannot say the district court acted arbitrarily in refusing to accommodate a situation of defendants' own making.

\*     \*     \*

We have considered defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
